# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ALVAREZ,<br><br>            Plaintiff,<br><br>     v.<br><br>DR. NASTRAN HASHEMI,<br><br>            Defendant. | Case No.  1:16-cv-00203-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED FOR LACK OF JURISDICTION**<br><br>**(Doc. 10)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff, Raul Alvarez, is a state prisoner, proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff is proceeding on a claim against Defendant Dr. Nastran Hashemi for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.  On March 4, 2016, Plaintiff filed a request for court order indicating that he is going to be transferred, and requested an order prohibiting prison officials from sending him anywhere other than "Chino or Corcoran" and prohibiting prison officers from taking and/or destroying his legal property in retaliation for his litigation activities when he is transferred.  (Doc. 10.)  Plaintiff's request is construed as a motion for injunctive relief.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  Requests for prospective relief are further limited by

1

18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

While this Court does have jurisdiction over the claims and issues raised in Plaintiff's complaint, the pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's transfer or the handling of Plaintiff's property (legal or otherwise) during his transfer. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

"A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Plaintiff does not seek a temporary restraining order and/or preliminary injunction against Dr. Hashemi. Thus, Plaintiff's motion must be denied for lack of jurisdiction over the "prison officials" and/or "officers" whom Plaintiff seeks to compel to transfer him to "Chino or Corcoran" only, and over the handling and preservation of Plaintiff's legal property in any such transfer.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if his civil rights are violated beyond his pleadings in this action. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. The seriousness of Plaintiff's accusations concerning where he would like to be transferred and the possible destruction/loss of his legal property during transfer, however, cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for addressing the relief Plaintiff seeks.

[1,2]

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for injunctive relief, filed March 4, 2016, be denied for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **April 29, 2016**                              **/s/ Sheila K. Oberto**
                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.

[2] Plaintiff is not prohibited from raising his concerns regarding the facility to which he is transferred with prison officials and/or the Litigation Coordinator at his current facility.  However, the location to where he is transferred and the preservation of his property upon such transfer is left to the sound discretion of prison officials.